No. 05-528

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 137N

_____

DAVID CERISE, ROBERT CERISE, MARGARET
AGUIRRE, PATRICIA RICHARDSON and MARY
SANZ, Surviving Descendants of ERNEST CERISE,

   Petitioners and Appellants,

  v.

VIOLA CERISE, Personal Representative in the
ESTATE OF HENRY CERISE,

   Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Fifth Judicial District,
       In and for the County of Jefferson, Cause No. DP 03-3533
       The Honorable Loren Tucker, Judge presiding.


COUNSEL OF RECORD:

   For Appellants:

     Timothy M. Dick, Dick & Thomas, P.C., Butte, Montana

   For Respondent:

     Daniel R. Sweeney, Attorney at Law, Butte, Montana


_____

       Submitted on Briefs: June 1, 2006

       Decided: June 27, 2006

Filed:

   _____
       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The surviving descendants of Ernest Cerise (Ernest) appeal from the District Court's findings of fact, conclusions of law, and order, dated May 23, 2005, in favor of Viola Cerise, the Personal Representative to the Estate of Henry Cerise. We affirm.

¶3 Ernest makes numerous arguments on appeal, but most stem from the question of whether the testator, Henry Cerise, owned the real property that he attempted to devise in his will to Ernest, or whether a partnership originally comprised of Henry and his brother, Guido Cerise, owned the property. Ernest further argues that the District Court allowed Viola to make arguments that should have been barred by judicial estoppel and that § 72-2-616(1)(f), MCA, required payment of the value of the disputed property to Ernest.

¶4 The Cerise family operated a ranch in Elk Park in Jefferson County bisected by Interstate 15. Henry, Guido and their mother, Hermine Cerise, purchased what was known as the "lower ranch" from Francis Vujovich, the widow of Rody Vujovich, in 1955. Hermine deeded her interest in the lower ranch in 1956 in equal shares to Henry and Guido, as joint tenants with full rights of survivorship. Henry and Guido held title to the "upper ranch" as tenants in common as successors of their parents.

2

¶5 Henry and Guido commenced business as partners in the Cerise Ranch sometime before 1960. The partnership operated until Guido's death in 1979. Henry reconstituted the partnership with Guido's heirs as partners. The partnership operated through Henry's death. Henry died testate on March 19, 2003. He appointed Viola Cerise to act as his Personal Representative. Viola submitted Henry's will to probate.

¶6 Henry's will contained the following specific devise:

> THIRD: I give, will, devise and bequeath to my brother, ERNEST CERISE, that parcel of land and the improvements thereon which was formerly owned by Rody Viavich [sic] and was purchased by the Cerises on or about 1955.

Viola, as Personal Representative, challenged this bequest on the grounds that Ernest did not own the lower ranch individually, but rather the lower ranch was owned by the partnership comprised of Henry and Guido's heirs.

¶7 The District Court held a hearing on this matter in January and February 2005. The District Court found that the partnership paid property taxes each year on the lower ranch and that the partnership treated the lower ranch as part of the partnership assets. The District Court rejected the notion that bare legal title could determine whether the property constituted partnership property. The District Court instead relied upon the actions of the parties and determined that Henry and Guido had treated the lower ranch as partnership property throughout the existence of the partnership. The District Court thus concluded that the Personal Representative's proposed distribution of the lower ranch as partnership property comported with the parties' intent and approved the distribution.

¶8 Ernest argues on appeal that the District Court should have considered the

3

evidence in light of the presumption favoring individual ownership of real property used in a partnership enterprise. Ernest further contends the District Court abused its discretion regarding its consideration of certain evidence given the court's failure to set a formal discovery schedule, as requested by Ernest, and its failure to consider rebuttal exhibits.

¶9 We review a district court's findings of fact to determine whether they are clearly erroneous. *In re McKenzie*, 2001 MT 25, ¶ 5, 304 Mont. 153, ¶ 5, 19 P.3d 221, ¶ 5. We conduct plenary review of a district court's conclusions of law to determine whether they are correct. *City of Billings v. Gonzales*, 2006 MT 24, ¶ 6, 331 Mont. 71, ¶ 6, 128 P.3d 1014, ¶ 6.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact, that the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and that there was no abuse of discretion by the District Court.

¶11 We affirm the judgment of the District Court.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY

4

/S/ JOHN WARNER

/S/ JIM RICE

/S/ JAMES C. NELSON